UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PAZDEN and DAVID PAZDEN, <br><br> Plaintiffs, <br><br> v. <br><br> INVESTORS SAVINGS BANK, et al., <br><br> Defendants. | Civil Action No.: 11-6821 (ES) <br><br> **OPINION** |

SALAS, DISTRICT JUDGE

## I. Introduction

*Pro Se* Plaintiffs Michael Pazden and David Pazden (collectively "Plaintiffs") filed this breach of contract action against five named Defendants and 205 John Doe Defendants. (D.E. No. 1, Complaint ("Compl.")). Defendants Royal Bank and John Does 126-165 Employees, Officers, Directors, and Loan Committee Members of Royal Bank ("John Does 126-165") subsequently filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. No. 9, Motion to Dismiss Plaintiffs' Complaint ("Def. Mot.")). The motion is unopposed. The Court has reviewed the submissions and decides the Motion without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendants Royal Bank and John Does 126-165's motion to dismiss is **GRANTED** without prejudice.

For the same reasons, the Court dismisses without prejudice, *sua sponte,* all claims against Magyar Bank, New Millennium Bank, Boiling Springs Savings Bank, John Does 46-85 Employees, Officers, Directors, and Loan Committee Members of Magyar Bank, John Does 86-

1

125 Employees, Officers, Directors, and Loan Committee Members of New Millennium Bank, and John Does 166-205 Employees, Officers, Directors, and Loan Committee Members of Boiling Springs Savings Bank.

## II.     Background

Plaintiffs allegedly entered into a loan agreement with Defendant Investors Savings Bank ("ISB") to fund a $34,500,000 construction project in Jersey City, New Jersey. (Compl. 3, 5). Plaintiffs allege, *inter alia,* that ISB committed fraud and breached this contract. (*Id.* at 19-34). In addition to ISB, Plaintiffs name Magyar Bank, New Millennium Bank, Royal Bank, Boiling Springs Savings Bank, and a number of John Doe Employees, Officers, Directors, and Loan Committee Members from each bank (collectively "non-ISB Defendants"). (*Id.* at 1).

It is unclear from Plaintiffs' Complaint what role, if any, the non-ISB Defendants had in Plaintiffs' transaction with ISB. Plaintiffs allege that the loan agreement was "subject to Investors Savings Bank securing Participating Lenders[,]" and that ISB concealed the names of these Participating Lenders from Plaintiffs. (*Id.* at 4, 7, 16). Plaintiffs name these five Participating Lenders as John Doe Defendants. (*Id.* at 1).

## III.    Discussion

### a.   Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The moving party has the

burden to demonstrate that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). But, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. A complaint that merely recites the elements of a cause of action without further factual support is insufficient. *Id.* at 678.

Because many of the Plaintiffs' claims are for fraud, their pleadings are subject to a heightened requirement of particularity. Fed. R. Civ. P. 9(b). While an inflexible application of this rule would be unfair to Plaintiffs, because much of the evidence of fraud lies within the exclusive control of Defendants, "[P]laintiffs must accompany their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within [D]efendants' control." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 646 (3d Cir. 1989).

Additionally, "[t]he district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). While *sua sponte* dismissals are generally disfavored when the plaintiff is not afforded an opportunity to respond, "a *sua sponte* dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile." *Bethea v. Nation of Islam*, 248 F. App'x. 331, 333 (3d Cir. 2007).

**b. Analysis**

The only Defendants mentioned in the Complaint are ISB and John Does 6-45, who are allegedly employees, officers, directors, or loan committee members of ISB. (*See generally*

Compl.). Plaintiffs refer generally to "Defendants" throughout the Complaint without ever specifying to which of the Defendants the allegations relate. (*See id.*). Except for the case caption, Magyar Bank, New Millennium Bank, Royal Bank, Boiling Springs Savings Bank, and their respective John Doe Defendants are never mentioned in the Complaint.

Although the Court "is to construe *pro se* submissions broadly, it is not the Court's responsibility to construct [the] Complaint for [*pro se* plaintiffs]." *Averhart v. CWA Local 1033*, No. 10-6163, 2012 WL 1574304, at *5 (D.N.J. May 3, 2012). Plaintiffs' vague description of non-ISB Defendants' connection to this cause of action is insufficient to state a claim, especially with respect to Plaintiffs' claims for fraud. *Brossman Sales, Inc. v. Broderick*, 808 F. Supp. 1209, 1213 (E.D. Pa. 1992) (granting motion to dismiss for claim of fraud where "complaint [lacked] even a vague description of what misrepresentations were made and to whom").

Plaintiffs do not allege to have done business with any Defendant except ISB. (Def. Mot. at 9). Plaintiffs do not allege that any of the non-ISB Defendants were involved in the transaction at issue. (*Id.*). The only specific reference to the non-ISB Defendants is in the caption of the Complaint. The only plausible explanation that can be inferred from the Complaint for the inclusion of the non-ISB Defendants is that Plaintiffs believe them to be the "Participating Lenders" in the transaction. Plaintiffs, however, never explicitly allege that the other named banks are the Participating Lenders. In fact, Plaintiffs acknowledge in the Complaint that they do not know who the Participating Lenders are, alleging that Defendants concealed their identity. (Compl. 7, 16). Plaintiffs even name "John Does 1-5, Participating Lenders" as Defendants, in addition to the non-ISB Defendant Banks. This redundancy further weakens the inference that the non-ISB Defendant Banks are the Participating Lenders.

Although the Court must make all reasonable inferences in favor of the non-moving party when deciding a motion to dismiss, the Court will not speculate as to the meaning of completely ambiguous factual allegations. *See Twombly*, 550 U.S. at 555. Here, Plaintiffs factual allegations with respect to the non-ISB Defendants are insufficient to warrant any inferences therefrom. Plaintiffs had the opportunity to clarify these ambiguities in an opposition to the instant motion to dismiss, but failed to do so. Ultimately, the Complaint "does not adequately describe the fraud defendants allegedly committed . . . thus the Court cannot make this determination. *Brossman Sales*, 808 F. Supp. at 1213.

## IV. Conclusion

For these reasons, Defendant Royal Bank's motion to dismiss is **GRANTED** without prejudice. The Court also dismisses without prejudice, *sua sponte*, all claims against Magyar Bank, New Millennium Bank, Boiling Springs Savings Bank, John Does 46-85 Employees, Officers, Directors, and Loan Committee Members of Magyar Bank, John Does 86-125 Employees, Officers, Directors, and Loan Committee Members of New Millennium Bank, and John Does 166-205 Employees, Officers, Directors, and Loan Committee Members of Boiling Springs Savings Bank.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**